MINER, J.,
concurring specially.
Although I am somewhat hesitant to do so, under the facts presented in this case, I concur in the result reached and write only to express the reason for my reluctance.
What troubles me is the very fact that a condonation defense exists at all in the context of the factual scenario presented in this case. The unbecoming conduct for which the appellee was sanctioned was just that and the fact that others in her state workplace used the same offensive language and engaged in the same goings-on for which she was called on the carpet, speaks volumes about an uncontrolled work environment.[1]
This writer is no Pollyanna — far from it. But, as they say, there is a time and place for everything and the foul language and the preoccupation with sexual matters described in the record and openly expressed in mixed company on an almost daily basis might be expected at a Tail Hook reunion, perhaps, or a men’s locker room somewhere. But, this kind of conduct in the workday world of a state office is, if nothing more, the stuff upon which sexual harassment claims against the state are founded.

. To recount the actual language used or graphically describe the conduct outlined above would add nothing of value to the law of this state and would serve only to punctuate the West Reporter system with vulgarity and obscenity.